NEW-YORK,
Nov. 1810.

M'INTYRE
v.
TRUMBULL.

</div>

<div align="right">Judgment affirmed.</div>

---

## M'INTYRE against TRUMBULL.

IN error, on *certiorari*, from a justice's court.

*Trumbull* sued *M'Intyre* before a justice. The plaintiff declared that *Stebbins*, the under-sheriff of *M'Intyre*, had taken more fees of the plaintiff, for collecting money on an execution, than he was by law entitled to, &c. The defendant pleaded the general issue. The cause was tried by a jury. Two witnesses were sworn for the plaintiff. Verdict for the plaintiff, for 10 dollars and 69 cents.

*An action lies against a sheriff for the act of his deputy in taking more fees, on levying an execution, than are allowed by law; and whether the sheriff recognised the act of his deputy or not, need not be shown.*

*Sedgwick*, for the plaintiff in error.

*Cady*, contra, cited 6 *Bac. Abr.* 156. *Doug.* 40. 3 *Wils.* 399. 2 *Term Rep.* 148.

*Per Curiam.* There is nothing appearing upon the return of the justice, to enable the court to examine the

merits of this case; and the only question is, whether in any case, an action will lie against a sheriff for the act of his deputy, in taking or extorting more fees on execution than are allowed by law. On this point the law is too well settled to be now questioned. The sheriff is answerable *civiliter*, for the acts of his deputies; and it is no objection, that the act is of a criminal nature, for which the deputy might be answerable *criminaliter*. Whether it was shown that the sheriff had recognised the act of his deputy, does not appear. If such recognition was necessary to be shown, we are to presume it was done in this case; but the better opinion is, that it was not necessary. (*Sanderson* v. *Baker*, 2 *Black. Rep.* 832. *Ackworth* v. *Kempe*, *Doug.* 40. *Woodgate* v. *Knatchbull*, 2 *Term Rep.* 148.)

<div align="right">Judgment affirmed.</div>