Hall, Judge,
dissentients. — But few cases are to be found in point to govern the present question. It must therefore be decided upon general principles, and its analogy to other cases.
It was decided by three judges against the opinion of Lord Holt, that an action would not lie against the postmaster general, for the loss of a letter covering exchequer bills, delivered at a post office to his deputy. It *314 was sait] that it was not like the case of common law officers, where the superior answers for the inferior. That every post-master in his office was as much an of-ficcr as the post-master general. (Lane v. Cotton, 12 Mod. 477.) That an action lies against a deputy postmaster for not delivering letters, and in other respects neglecting his duty, because they arc subsisting substantial officers, and answerable for their own misfeasances. That the general post office is the centre of a large circle; that the deputies’ offices are the centres of smaller circles, but they fill up the larger, and extend over the country; and that on account of their distance, they are not within the control of the post-master general. (Rowning v, Goodchild, 3 Wils. 443.) But this reasoning does not seem to be applicable to sheriffs’ officers.
It may be laid down as a general position, that the sheriff is liable for the misconduct of his deputies, unless where they act criminally. (Sanderson v. Baker, 2 Bl. Rep. 832. Ackworth v. Kempe, Doug. 40. Woodgate v. Knatchbull, 2 T. R. 148.) The duties of a sheriff are confined to a single county. Those of the post-master extend over the whole country. With as much, if not greater force, do these principles apply to clerks and their deputies. The duties of sheriffs are limited to the boundaries of the counties in which they act; those of a clerk may be confined within the walls of his office.
Admitting that an action will lie against the.principal, for an official act done by the deputy, the next question is, will such action lie against the deputy? It may be admitted here, that in some cases an action will lie against either. As where the sheriff’s deputy took the goods of a stranger instead of the goods of the defendant, under a fieri facias, in such case an action would lie against the deputy as well as the sheriff. But the taking of the goods in such case was not an official act. Any person might do it as well as the deputy sheriff. (Saunderson v. Martin, 3 Wils. 509. Ackworth v. Kempe.) Such a case can have no influence upon the question, whether the deputy is liable to the party injured for an improper official act, or -whether the remedy must not be against the principal.
*315 In Gawdy’s case, (3 Dyer 278,) the Duke of Norfolk, being marshal of England, and having liberty to make a deputy, granted the office to Gawdy for life. An action was brought against him for suffering a defendant to go atlarge. One point debated was, whether Bawdy should be chargeable by reason that he was not marshal, but only under-marshal. It was decided, upon great consideration, against him. The circumstance that Bawdy held the office for life, no doubt had its influence with the court. After this decision, in the case of Smith v. Hall, (2 Mod. 32,) an action for false imprisonment was brought against the sheriff’s officer. A writ of latitat had issued and was executed. Bail had been tendered hut refused. It was decided, that such action should be brought against the sheriff, and not against his deputy. It was held in Marsh v. Astry. (Cro. Eliz. 175,) that ifthe under sheriff deceitfully neglect to return a writ of summons, an action will lie against him. In 6 Bac. Abr. 156,157, a note is subjoined to this case, as follows. Under-sheriffs are answerable criminaliter; but for breach of duty in the office of sheriff, by default of the under-sheriff, the action must be brought against the high sheriff. So that the case in the text is not law. And for this is cited Cameron v. Reynolds, (Cow. 403.)
In Lacock’s case (Latch’s Rep. 187,) it was decided, that the high sheriff only was answerable for an escape suffered by his deputy. That he is answerable in all cases in damages for the misconduct of his deputy, unless where he acts criminally. For the sheriff is the officer of the court, and the under-sheriff is not, although allowed and noticed by many statutes. It may bo thought that this case is affected, or in some degree overruled by the case of Barker v. Braham, (3 Wils. 68,) where it was decided, that an action for false imprisonment lay as well against the attorney as against the client, the attorney having sued a ea. sa. illegally against the defendant, whereby she was imprisoned. It is true that the attorney is said to be the agent of the client, but he bears a peculiar relationship to him. “ He is put in his place and stead to manage his matters of law.” Why so ? Because *316 tbc client is presumed to be, and in fact is ignorant of matters of law. Although the client who employs the attorney is in many respects bound by his acts, yet as the attorney acts professionally, and not from the judgment or advice of his client, he should in reason be answerable for bis own acts. This view of the case seems to have been taken by Lord Mansfield in Cameron v. Reynolds, decided a short time afterwards. He says, for every breach of duty in the office of sheriff, the action must be brought against the high sheriff, as for an act done by him ; and if it proceeds from the default of the under-sheriff or bailiff, that is a matter to be settled between them and the high sheriff. It may be added that Lacock’s case is spoken of by Buller in Woodgate v. Knutchbull, with approbation. It is true, the jailer, who is the sheriff’s officer, is liable for an escape ; but he is made so by the statutes 18 Ed. I. c. 11, and 1 Ric. H. c. 7. (Hardness 33. 3 Bl. Com. 165.)
Although the English authorities may not be uniform on this subject, yet I think the weight of them is opposed to an action against the deputy for a breach of official duty. Nor do the American authorities chime on this subject. It is laid down in Draper v. Arnold, (12 Mass. Rep. 449,) that for a neglect of duty, an action will lie either against the principal or against the deputy. In McIntyre v. Trumbull, (7 Johns. 35,) it is laid down, that tlie sheriff shall be liable for his deputy in taking unlawful fees, although the latter may be liable erhni-naliter. In Owens v. Gatewood, (4 Bibb 494,) it is decided, that an action will not lie against a deputy sheriff for a breach of official duty. It mustbebrought against the principal, although it be for the default of the deputy. The authority of a case reported in 1 Was. Rep. 159, may be adduced in support of the same proposition.
However, I am not aware that Lacock’s case, or the case of Cameron v. Reynolds have been overruled. In both cases the- plaintiffs were nonsuited, because the suits were brought against the under-sheriffs.
In the present case, the act complained of was an official act. The wait of execution was issued by the de *317 fendant, the, deputy clerk, by virtue of the authority given to him by the clerk. Had lie acted without such authority the act would have been a criminal one, hut acting under such authority, the act when done became the act of the principal and not of the deputy ; as much so, as if he had properly authorized him' to convey a tract of land, "V^hen the conveyance was executed, although executed, by the agent, it became the act and deed of the principal. S.o when the deputy signed the name of the cleric to the execution, it must he taken to he the act of the clerk, and that it was done hy his direction and authority.
The- clerk is placed in office hy authority of law. Ho gives security for the faithful discharge of the duties of his office. The law permits him to have a deputy, but the deputy is placed there by the act of the principal, not by the law. It is not to be presumed, that the deputy is as well qualified as the principal. He is probably in Ills noviciate. Neither policy nor justice requires to make him answer for delinquencies, proceeding probably from his igorance and his principal’s negligence. I think judgment should be entered for the defendant.
Per Curiam. — Judgment affirmed..