### WATERBURY *against* WESTERVELT.

Where a sheriff is liable for the trespass or misfeasance of his deputy, both may be sued jointly for such wrongful act.

When, therefore, a deputy levied upon and took property in the hands of a vendee to whom it had been transferred by the judgment debtor in fraud of his creditors, and sold enough to pay the execution, leaving a considerable surplus, of which a portion was returned to the vendee in a damaged state, and another portion was not returned at all, and the sheriff had ratified all the acts of his deputy in the matter: *Held*, that the sheriff and deputy were jointly liable in an action by the vendee, for the goods not returned, and for the injury to those which were damaged.

A sale of personal property, fraudulent as against creditors, is valid as between the parties to the sale.

THIS action was brought in the superior court of New-York, against the sheriff of the city and county of New-York and one of his deputies, for taking and carrying away the plaintiff's goods, consisting of merchandise in a furnishing store. Besides the usual allegations in trespass and trover, the complaint sets forth that the defendants claimed the right to take the goods, which were alleged to be the plaintiff's

property, under executions against the property of Benjamin Waterbury; that they took a greater amount than would have been sufficient to satisfy the executions; that they injured them unnecessarily in removing them, and that after selling enough to satisfy the judgments, they returned a part of the residue, and a part were never returned, but were converted by the defendants to their own use. The answer set up the judgments and executions against Benjamin Waterbury, and alleged that the goods taken belonged to him and not to the plaintiff, and that the deputy seized them to satisfy the executions; and there was a denial of the alleged injury in removing them, and an allegation that all the goods were returned except such as were sold to satisfy the execution. There was a reply taking issue on the new matter in the answer. Many other matters were stated in the pleadings, which are not necessary to be repeated.

The trial took place in October, 1850, before OAKLEY, chief justice of the superior court, and a jury. The plaintiff claimed title to the goods under a bill of sale executed by Benjamin Waterbury, about eight months before the seizure, and evidence was given on both sides touching the *bona fides* of that conveyance as against the creditors of Benjamin Waterbury. The judgments and executions set out in the answer were given in evidence. It was proved that goods sufficient to satisfy the executions were sold by the deputy, and that a portion of those taken were returned in a damaged state; and there was evidence tending to show that a portion of those taken had neither been sold nor returned.

The executions were in the hands of the defendant Douglass, the deputy, and he removed the goods from the store in Broadway, where they had been kept for sale. To show the personal participation of the defendant Westervelt in the transaction, the plaintiff proved that after the goods had been taken from the store to a sales room, a per-

son called upon Douglass, on behalf of the plaintiff, for leave to take an inventory of them; that at Douglass' suggestion they went together to the sheriff's office and had an interview with the sheriff, Westervelt, on the subject of the goods, and that both the sheriff and deputy then said that the person so sent by the plaintiff could not see the goods, and that they would be sold the next day; and they were sold on the following day. After the sale the plaintiff caused a written demand to be made of Westervelt for a copy of the inventory of the goods and an account of the sales, but he refused to give them, saying he would not furnish a club to knock his own brains out with. The answer of the defendants, which was joint, was also relied upon as an admission of Westervelt's participation in the seizure and sale. It avers in terms that " the defendant Westervelt, by the defendant Douglass, who was one of his deputies," seized the goods, and that the defendants returned those which were not sold.

After the plaintiff had given his evidence the defendant Westervelt moved to dismiss the complaint, on the ground that there was no personal interference on his part proved, and that, therefore, an action could not be maintained against both him and his deputy. The motion was denied, and the defendant excepted.

The judge directed the jury to pass upon these questions of fact: 1. Whether the bill of sale from Benjamin Waterbury to the plaintiff was executed in good faith or was fraudulent; 2. Whether all the goods which were seized and not sold were returned, and the value of such (if any) as were neither sold nor returned; 3. Whether the goods returned were injured by the fault of the deputy sheriff, and, if so, to what amount.

The defendants' counsel excepted to the direction in the second and third propositions; and he also requested the judge to charge that if the jury should find against the plaintiff on the first issue, the defendants would be enti-

tled to a verdict upon the whole case; and that the defen-
dant Westervelt was not liable in this action for the acts
of the deputy which had been proved. The judge declined
to charge as requested and the defendants' counsel again
excepted.

The jury, in responding to the first question, pronounced
the sale to the plaintiff fraudulent. As to the rest, they
found that goods to the amount of $125 were neither sold
nor returned; and that those returned had been injured by
the carelessness of the deputy to the amount of $50. For
the aggregate of these two amounts judgment was ren-
dered against the defendants, which was affirmed at the
general term. The defendant Westervelt appealed to this
court.

*N. Hill, Jr.*, for the appellants.

*J. E. Burrill, Jr.*, for the respondent.

DENIO, J. It is insisted that the action cannot be main-
tained against both the sheriff and his deputy, though it is
conceded that either would be liable separately for a trespass
committed by the deputy in the execution of process. If
the law were as insisted, in a case where the sheriff had not
intermeddled in the transaction, it would not avail the
defendants here; for the evidence of adoption and ratifica-
tion by the sheriff of the seizure made by the deputy and
of his subsequent acts is very full and explicit. The
motion made by the defendant Westervelt at the trial, to
dismiss the complaint, was based upon the allegation that
no personal interference on his part had been proved. It
was properly denied on account of the incorrect assumption
as to the evidence upon that point. The final request to
charge that Westervelt was not liable for the acts of Doug-
lass which had been proved, did not raise the question as to
the legality of uniting the two as defendants in the action,

if the liability of the sheriff could be maintained. The general doctrine of the liability of the sheriff for the trespass or misfeasance of his deputy while acting under color of his office is quite well settled, and was not questioned on the argument. (*McIntyre* v. *Trumbull*, 7 *John.*, 35.) Both defendants were sued in this case, in a common law action, as joint trespassers. If the property belonged to the plaintiff, or so far as it belonged to him, the defendants could not protect themselves by the executions against Benjamin Waterbury. The proof of the judgments and executions, and of their own official positions, only showed that they acted upon pretence of performing official duties. Douglass, his deputy, was liable in consequence of his manual act in seizing the plaintiff's goods. If the sheriff could not be united with him in the action as a joint trespasser, in a case in which his liability was established by means of the official relation existing between them alone; yet there was no difficulty in maintaining the joint action upon the evidence of ratification of the wrongful act. Much slighter evidence of ratification has been holden sufficient to charge the sheriff as a trespasser. (*Saunderson* v. *Baker*, 3 *Wils.*, 309, 316.) In this case the plaintiffs demanded the goods, which the sheriff's officer had taken, to be returned, and threatened, if it were not done, to sue the sheriff. They answered that they had sufficient security and did not care. GOULD, J., was clearly of opinion that there was an adoption of the fact by the sheriff, and that on that ground the plaintiff was entitled to recover. From that time, he said, the sheriffs became principals in the trespass by recognizing the act of the officer. Thus this action could be sustained against both defendants upon a principle wholly independent of the liability which attaches to the sheriff on account of the official privity between the sheriff and deputy. It is the same thing as though both had gone to the plaintiff's store and, together had seized the goods.

But I cannot assent to the position that both may not be sued together, even where the liability of the sheriff arises

wholly from his official relation to the deputy. The sheriff is not made a defendant in such cases, in his official character, but simply as an individual. (*Stillman* v. *Squire*, 1 *Denio*, 327.) His relation to his officer may not be the same in all respects as that between master and servant, but still the resemblance is striking and nearly identical. In *Colvin* v. *Holbrook*, decided in this court, where the question was whether an action could be sustained against a deputy sheriff to recover money belonging to the plaintiff, which the deputy had received upon the redemption of land sold by him on execution, the relation of principal and agent was taken to furnish the rules upon which the question was to be determined. (2 *Comst.*, 126.) The judgment affirmed the decision of the supreme court in the same case; and in the opinion delivered in that court it was found that the rule regarding the liability of the sheriff was in strict accordance with the principle which holds servants responsible for tortious acts, whether done by authority of their master or not. (3 *Barb.*, 479, *S. C.*) In *Smart* v. *Hutton* (8 *Adol. & Ellis*, 565, *note*), where the sheriff's officer, in executing a *fi. fa.*, committed a trespass upon the person of the judgment debtor, it was held that the sheriff was liable, PARKE, J., declaring that the officer was delegated by the sheriff to execute the writ, and the officer's acts were his, as if he had personally committed the trespass. In *Raphael* v. *Goodman*, the principal case to which the note just referred to is appended, LITTLEDALE, J., remarked that the sheriff cannot attend personally to all the duties of his office and therefore employs an officer; but that, he says, is for his own convenience. He is himself identified with the officer, as is clear from all the cases. It is an elementary principle that in torts he who procures a command is equally liable with him who does the act, and they may all be sued jointly or severally at the election of the plaintiff. The deputy in this case is made liable, not from any official relation to the matter, but because he has voluntarily invaded the plaintiff's

right of property ; the sheriff is made liable, because in law he is considered as having commanded the act to be done. The existence of such command is established by showing the relation between them. So far as the sheriff's liability for the tortious acts of the deputy is concerned, I am of opinion that the rule of principal and agent is the one to be applied. I have not overlooked the case of *Campbell* v. *Phelps* ( 1 *Pick.*, 62), where it was held that an unsatisfied judgment against a deputy sheriff, in trespass for wrongfully levying an execution on the plaintiff's property, was a bar to another action against the sheriff. Upon a careful examination of the opinions of the judges in that case, I have come to the conclusion that the one delivered by Mr. Justice WILDE, who dissented from the judgment, and which was concurred in by Mr. Justice THACHER, is more consistent with legal analogies than the one which prevailed. In this class of cases the deputy and the sheriff are both trespassers at the same time and in consequence of the same act. To hold that they are not joint trespassers is to make a distinction which, I think, the law has not made, and where no difference in principle exists.

On the argument I entertained a doubt whether the recovery could be sustained, arising out of the fact that the issue respecting the *bona fides* of the transfer of the goods to the plaintiff had been proved against him. That ground was taken on the trial and the answer was not at first apparent. The complaint, 1 find, charges distinctly that the defendants knowingly seized more goods than were sufficient to satisfy the executions, and that a portion of them remained in their hands after enough had been sold to pay the judgment, which they converted to their own use, except a small part which they returned to the plaintiff in a damaged state. The answer takes issue upon these allegations, as it was necessary it should do, for otherwise a part of the cause of action would have been left unanswered. And this issue has been found in favor of the

the plaintiff. It is true that the verdict pronounces the conveyance to the plaintiff fraudulent against creditors, but the only effect of this is to expose the property to judgments and executions against the vendor. So far as the remedies of the creditors did not interfere with the transfer, it was valid. It was good between the parties, and the vendee acquired a good title against wrong-doers; and the defendants must be taken to be such, except so far as they acted in executing the creditors' remedies against the property. They may not have been at fault for taking the whole property, but there is nothing to justify their converting what was not needed to pay the judgment, or injuring any of it.

The judgment of the superior court ought to be affirmed.

PARKER, J.* It has been decided in this state, in *Moulton* v. *Norton* (5 *Barb.*, 296), that a sheriff and his deputy cannot be joined as defendants in an action for a tort committed by the deputy. That decision, and also the opinions expressed in *Cowen & Hill's Notes*, 823, and *Allen on Sheriffs*, 88, were based upon the decision in *Phelps* v. *Campbell* (1 *Pick.*, 62). This last case, however, to which all the other authorities refer, was decided by a majority of the court only, two of the judges dissenting, for reasons very satisfactorily set forth in the opinion of Judge WILDE.

But I do not think it is necessary to express any opinion upon this point. The rule, if it exist, is certainly inapplicable where there is a personal interference on the part of the sheriff. In such case, the sheriff and his deputy are liable as joint trespassers, independent of the official relation existing between them. The personal interference of the sheriff in this case is abundantly proved.

The sale of the goods from Benjamin Waterbury to the plaintiff was void as to creditors but valid as between the parties. (7 *John.*, 161; 2 *Edw. Ch. R.*, 123; 1 *Birch*, 500; 4 *Black.*, 141; 10 *Conn.*, 69; 17 *id.*, 492; 6 *Co.*, 20.)

The defendants, therefore, had a claim on the goods only to an extent sufficient to satisfy the creditors whom they represented. To that extent they have had the avails of the property in satisfaction of the execution, and beyond that they cannot say that the property belonged to Benjamin Waterbury. For the surplus in their hands and for the unnecessary damage done they are therefore liable to the plaintiff.

I think the judgment of the superior court should be affirmed with costs.

GARDINER, Ch. J., and EDWARDS and ALLEN, Js., concurred.

SELDEN, RUGGLES and JOHNSON, Js., gave no opinion.

Judgment affirmed.