## EDWARD HOYE, *et al.*, v. HORACE RAYMOND.

CAUSES OF ACTION, *Improperly Joined.* Where a deputy constable levies an execution upon property belonging to a person other than the execution debtor, and such person then commences an action for damages for the wrong, against the constable and his sureties and the said deputy, and in his petition in one count sets forth a cause of action against the constable and his sureties on the constable's bond, and also a cause of action against the constable and his deputy for the tort committed by the deputy, *held*, that two causes of action are improperly joined.

*Error from Brown District Court.*

ACTION brought by *Raymond* against *Hoye* and three others, to recover certain damages. The nature of the action, and the facts, appear in the opinion. Trial at the February Term, 1880, of the district court, and verdict and judgment for the plaintiff for $353.83 damages, and for costs. The defendants bring the case here.

*C. W. Johnson*, for plaintiffs in error; *Jas. Falloon, E. Bierer*, and *W. J. Richardson*, of counsel for plaintiffs in error.

*Killey & May, A. F. Martin*, and *W. D. Webb*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Horace Raymond against Edward Hoye, R. C. Chase, W. S. Hall and J. D. Blair, for damages and wrongs alleged to have been committed by J. D. Blair. Hoye was a constable of Hiawatha township, Brown county, Kansas; Chase and Hall were the sureties on his official bond, and Blair was his deputy; and the wrongs alleged to have been committed were as follows:

An execution was issued by a justice of the peace of said Hiawatha township, in favor of Hart & Norton and against Levi Remick, and placed in the hands of Blair for service, who, instead of levying upon the property of Remick, levied upon a portable steam engine belonging to Raymond. Blair advertised the property, and sold it at constable's sale to Fred. Rohe, who sold the same to C. H. Orth. Afterward Raymond brought an action against Orth, and recovered a judgment for the value of the engine; but not being able to collect the judgment, he then commenced this action for damages against the constable, Hoye, his sureties, Chase and Hall, and his deputy, Blair. He set forth all the facts of his case in one count in his petition. The defendants severally moved the court to require the plaintiff to separately state and number the several causes of action stated in his petition; and also demurred to the petition upon the grounds, among others, that several persons were improperly joined as defendants in the action, and that several causes of action were improperly joined in the petition. The court below overruled all of these motions and demurrers, to which rulings the defendants severally excepted. Whether these rulings were correct, or not, are the first questions presented to this court. The principal question, we think, is whether several causes of action were improperly joined. We think the constable and his deputy might properly be joined in one action for the wrong committed by the deputy. And this is upon the doctrine of principal and agent. The deputy is the agent of the

constable for the service of process, and whatever the deputy does under color of his office, the constable in legal contemplation also does, and is responsible therefor. (*Ghiradelli v. Bourland*, 32 Cal. 585; *State v. Kruttschnitt*, 4 Nev. 178; *Howse v. Moody*, 14 Fla. 59.) We also think that the constable and his sureties might be joined in an action upon the constable's bond; but as this proposition does not seem to be controverted, we shall say nothing further with regard thereto. But the question then arises, can a cause of action for the wrong of the deputy constable, and against him, be united with a cause of action for a breach of the constable's bond, and against a surety on the bond? This question, we think, must be answered in the negative, both upon principle and authority. (*Waterbury v. Westervelt*, 9 N. Y. 598; *King v. Orser*, 4 Duer, 431; *McIntyre v. Trubbull*, 7 Johns. 35.) Every cause of action must be founded upon some breach of some obligation; and to render two causes of action identical, they must be founded upon the same breach of the same obligation. We think, therefore, that it is apparent that the cause of action existing in favor of the plaintiff Raymond, and against the deputy constable, is not identical with the cause of action existing in favor of the plaintiff Raymond, and against the sureties of the constable's bond. The cause of action existing against the deputy constable is for a breach of that general obligation under which we all are — not to injure another person in his property; while the cause of action existing against the sureties on the constable's bond is for a breach of the obligation created by such bond. The first is purely an action of tort; the second is purely an action on contract; and such actions can never be united, except under circumstances which do not exist in this case. Causes of action in tort can only be united with causes of action on contract, where they all arise out of the same transaction, or transactions, connected with the same subject of action. (Civil Code, § 83.) But even then they cannot be united unless they all "affect all the parties to the action," except in

actions to enforce mortgages or other liens. (Civil Code, § 83.)

Now the deputy constable is not affected by the action on the constable's bond. He has nothing to do with the bond. He committed no breach of any obligation created by the bond, and the action thereon does not extend to him; while the sureties are not affected by the tort of the deputy constable as a tort — that is, the tort in the abstract does not affect them — and an action merely for the tort cannot be maintained against them. They are liable only for a breach of the obligation of their bond. The constable, it is true, is affected by both causes of action; he is liable for the deputy constable's tort, and also liable for a breach of the obligation of his bond. But his liability on the bond does not render his deputy liable thereon; nor does his liability for the tort render his sureties liable for the tort. Suppose, for instance, that for some reason the constable had not been made a party to the suit; or, suppose that for some reason service of summons had not been made upon him: then could the plaintiff proceed against the deputy constable and one of the sureties only, and this in the same action, and where both causes of action are stated in one count only of the plaintiff's petition? We think not. The authorities which we have cited sustain the view that we have taken in this case, and we know of no authorities promulgating a different doctrine.

With this view of the case the judgment of the court below must be reversed, and the cause remanded for further proceedings, whatever might be our decision upon the other questions raised in the case. We might say, however, that we are inclined to think that the court below did not commit any other substantial error; but we do not wish to expressly decide this, as it is unnecessary to do so now, and the other questions may never again be raised in the case. When the case is tried again the facts may be shown to be entirely different from what they were shown to be on the first trial of the case; and the plaintiffs in error claim that they will be shown to be entirely different.

The judgment of the court below will therefore be reversed, and cause remanded for further proceedings in accordance with this opinion. ·

All the Justices concurring.