Hang Lung Kee & Co., *v.* R. F. Bickerton and W. C. Parke.

## SUPREME COURT—IN BANCO.

## JANUARY TERM—1883.

*Judd, C. J., McCully and Austin, J. J.*

HANG LUNG KEE & Co., *vs.* R. F. BICKERTON AND W. C. PARKE.

ON APPEAL FROM THE INTERMEDIARY COURT OF OAHU ON POINTS OF LAW.

A SEARCH WARRANT was issued by the defendant as District and Police Justice upon an affidavit that the affiant had probable cause to suspect, and did suspect that opium was concealed on the premises of one Hung Lo Kee (Chinaman) ;

HELD, on appeal by defendant Bickerton only, adopting opinion of Chief Justice below, that the warrant was improperly issued and the defendant Bickerton was liable for damages. That the affidavit ought at least to have set forth in substance that "the affiant believes that opium is in the unlawful possession of a named person, concealed on certain specific premises ;"

HELD, alleged suspicion and concealment on the premises of defendant named were insufficient ;

HELD, appellant not excused by any default or delay of officers executing warrant.

Opinion of the Court by JUDD, C. J.

This case came to this Court in Banco by appeal from a decision of the Chief Justice rendered on the 4th of January, 1883, sitting in place of the Police Justice of Honolulu, as Intermediary Court of Oahu.

The Chief Justice having rendered judgment in favor of W. C. Parke, as Marshal, and the appeal being by the co-defendant and not by the plaintiffs we are not at liberty to consider the question of the liability of the Marshal.

Hang Lung Kee & Co., *v.* R. F. Bickerton and W. C. Parke.

We have given due consideration to the arguments of counsel upon the question raised by the appeal of the Police Justice, and do now affirm and adopt the decision of the Chief Justice in the premises.

The further point made by the defendant that he is exculpated from the consequences of having issued an illegal warrant by reason of the default and neglect of the officers executing it, we hold to be untenable.

Judgment affirmed.

A. S. Hartwell for plaintiffs.

R. F. Bickerton *pro. se.*

Honolulu, January 29, 1883.

---

INTERMEDIARY COURT OF OAHU.

Opinion of Chief Justice JUDD appealed from.

This is an action of trespass on the case, the complaint alleging that on the 5th November last the plaintiffs' premises at No. 24 Hotel-street, Honolulu, including their store-rooms and sleeping apartments, were searched, and the plaintiffs disturbed, insulted, ill-treated, and assaulted by one F. Marcos and one B. Oadt and others, policemen, acting by the unlawful authority and orders of Richard F. Bickerton, Police Justice of Honolulu, and William C. Parke, Marshal of the Kingdom, in contravention of the plaintiffs' private rights under the law, to their damage $200.

By the evidence submitted, it seems that police officer Marcos, on the 13th of October, 1882, swore to the following complaint for search-warrant before the defendant Police Justice of Honolulu :

"COMPLAINT FOR SEARCH WARRANT.

"To R. F. Bickerton, District Justice in and for the district of Honolulu.—F. Marcos, of Honolulu, on oath, complains and informs the said Justice that the following goods, to wit : Sundry opium, and that he hath probable cause to suspect, and doth suspect, that the said goods or part thereof are con-

cealed in the premises of one Hung Lo Kee (Ch.), situate at Hotel-street, No. 24, and prays a warrant to search for the same. Dated this 13th day of October, 1882.

"(Signed)                                    F. Marcos.

"Subscribed and sworn to before me this 13th day of October, 1882.

"(Signed)            Richard F. Bickerton,

"Judge of the first District of Oahu, and Police Justice of Honolulu."

And thereupon the Police Justice issued the following search-warrant :

"SEARCH WARRANT.

"Oahu, H. I., ss.

"To the Marshal of the Hawaiian Kingdom, his deputy, or to any constable of the district of Honolulu.—You are required, and commanded forthwith, with necessary and proper assistants, to enter into the premises of Hung Lo Kee (Ch.), of Honolulu, Hotel-street, No. 24, mentioned in the annexed information and complaint, and there to diligently search for the goods and articles specified in the said complaint ; and if the same, or any part thereof, shall be found on such search, that you bring the goods and articles so found, together with the body of the said Hung Lo Kee (if found in your district), before me for examination. Make due return of this writ and of your proceedings thereon with all convenient speed.

"Given under my hand this 13th day of October, 1882.

"(Signed)            Richard F. Bickerton,

"Judge of the first District of Oahu, and Police Justice of Honolulu."

The warrant was put into the hands of officer Oadt, the premises were searched on the 5th November, and the following return made :

"I hereby certify that I searched the within premises for opium, and found none.

"(Signed)            B. Oadt, Police Officer.

"Honolulu, November 5, 1882."

Hang Lung Kee & Co., *v.* R. F. Bickerton and W. C. Parke.

It is not claimed that the Marshal had any personal knowledge of this process, and the Attorney-General contends that, so far as he is concerned, the form of the process is immaterial, as he did not see it, nor execute it himself, nor by his deputy—as constables are not appointees or deputies of the Marshal. It is, on the other hand, contended that in the eye of the law the Marshal is personally present when any process is executed, and that he is responsible for the acts of his deputies, and of all officers executing process.

The cases cited are the People *vs.* Waters, 1 Johnson's Cases, 137, where the Court held that a sheriff is not liable in not acting on a process which does not come to his personal knowledge, nor was lodged in his office, but which was delivered to his deputy, unless he affirm it by acting upon it. In Waterbury *vs.* Westevelt, 9 N. Y., 598, where a deputy-sheriff made a wrongful levy, and the sheriff ratified his acts, the Court held that both might be sued jointly for the act.

In Sibly *vs.* Estabrook, 4 Gray, 295, the Court held that the statute limiting the right of action against a sheriff for misconduct of his deputies to four years was controlled by the limitation of the right to bring action against a sheriff for assaults and false imprisonment to two years.

In Morgan *vs.* Chester, 4 Conn., 387, the Court held that a judgment recovered against a sheriff's deputy for default in official duty did not bar the remedy against the sheriff for the same assault.

In all these cases the relation of sheriff and deputy existed. Is a police officer, or, as he is called in the statutes, "a constable"—a deputy of the Marshal ? I am of the opinion that he is not in the sense in which this relation is considered in the above cited cases, and as to make the Marshal responsible for his official misconduct.

Constables are appointed for each district of the Islands by the Governors, and are under the control of the Marshal and his deputies. Section 266 of the Civil Code.

The language used in the statute, that the constables are to be ".under the control of the Marshal," is not sufficient to make him responsible for their official acts, especially when we consider that it was deemed necessary in a prior section (264), in order to fix the relation of deputies to their sheriffs, to say distinctly that they, the "sheriffs shall be severally responsible for the official acts of their deputies."

The power of removal of constables by the Marshal is not sufficient to attach responsibility, for this is also vested in the Governors, and in the Judges of Courts of Record and Police Justices, these latter persons not being executive officers. To hold an officer responsible for the acts of an under official in the same department, whom he does not appoint, would be an anomaly and an injustice.

Moreover, the search-warrant in this case was directed to the "Marshal of the Kingdom, his deputy, or to any constable in the district of Honolulu," and this is in pursuance of the second section of chapter 48 of the Penal Code on search warrants, which prescribes that they shall be directed to "an officer of justice."

It seems to me that the direct authority is thus given to any constable to execute such a warrant, and it not appearing that the warrant was received by the Marshal, or that it was lodged in his office, and by him put into the hands of an officer to be executed, or that he took any part in the execution, accordingly I render judgment in his favor.

I now consider the liability of the Police Justice.

The general principle is not controverted that there is no presumption in favor of the jurisdiction of Courts of special and limited jurisdiction. Piper vs. Pearson, 2 Gray, 120. The same case is also authority on the equally clear principle that a Judge of an inferior Court acting in a case of which he has no jurisdiction, or exceeding his jurisdiction, is liable in damages to any party injured. "The jurisdiction of Courts of limited jurisdiction depends upon the existence of certain

things, and for want of these the Court has no jurisdiction ; and everything done by the Court where those are wanting is *coram non judice,* and the Judge and officer are, in such case, liable in trespass to any person who may be arrested by a warrant issuing from the Court." Grumon *vs.* Raymond, 1 Conn., 46 ; citing Smith *vs.* Bouchier, 2 Strange, 993.

In this last case the law required that the plaintiff should swear to his " belief," whereas he swore that he " suspected," &c., and the Court held the Vice-Chancellor of Oxford, the Judge, Jailor and party, all liable in damages.

An oath which is not in compliance with the statute is no oath, and the warrant issued thereupon is without jurisdiction and unknown to the law, and therefore void.

There are many authorities to the same effect : See Commonwealth *vs.* Lottery Tickets, 5 Cush., 369; State *vs.* Staples, 37 Me., 228 ; State *vs.* Carter, 39 Me., 262.

In the case before me the oath made is, that " F. Marcos, on oath, complains and informs . . . that the following goods, to wit : Sundry opium, and that he hath probable cause to suspect, and doth suspect, that said goods, or a part thereof, are concealed in the premises of one Hung Lo Kee," etc.

In effect, though badly expressed, the oath is that the affiant suspects that sundry opium is concealed on the premises of Hung Lo Kee.

The Constitution requires (Article 12) that no " warrant shall issue but on probable cause, supported by oath or affirmation, and describing the place to be searched, and the persons or things to be seized." The statute also (Penal Code, Chapter 48, Section 4) prescribes that a search-warrant can in no case be granted but on affidavit setting forth sufficient facts, in the opinion of the Magistrate, to justify the issuing of such warrant.

I do not think that the Constitution requires that the affidavit should swear using the words that he " has probable cause to

believe or suspect " that what is necessary to be proved exists, but that the facts of the affidavit itself must be such as to afford grounds for belief that the facts exist, and that the Magistrate must be convinced that there is "probable cause" for issuing the warrant or making the charge. The affiant, therefore, must swear, as is more plainly indicated by the statute in the Penal Code, to sufficient facts which in the opinion of the Magistrate would justify the issuance of the warrant, and this affidavit must be according to the "belief" of the affidavit.

I find an authority *ex parte* Haynes, 18 Wend., 611, that an affidavit that an affiant is informed and believes that certain facts exist, is not sufficient to authorize the issuing of an attachment. The statute required "proof to the satisfaction of the Judge." Judge Cowen held that an affidavit of belief is no legal proof of the existence of a fact.

I do not go to this extent. Section 901 of the Civil Code allows a search warrant to take property secreted to the prejudice of another to be issued, on an "application under oath showing good and satisfactory reasons for believing," etc. But so far as I know it is only under the law for the prevention of smuggling that an officer is authorized to make a search or seizure when he has reason to suspect the concealment of goods. Civil Code, Section 662. Under the general law for the issuing of warrants of arrests for crimes and misdemeanors, the sworn information must be that the applicant has "knowledge of or reason to believe" the commission of the offense. No less precision ought to be required of a person swearing out a warrant.

The statute explains what are "sufficient facts," in Section 3, last clause, viz., the belief of the affiant in the existence on the designated premises of articles necessary to be produced as evidence, or otherwise on the trial of anyone accused of a criminal offense. The search warrant can only be issued (unless elsewhere granted by statute) for the purposes speci-

fically named in the statute, and it is clear that there must be an affidavit, that the articles sought to be discovered are necessary to be produced as evidence or otherwise on a criminal trial.

I fail to understand how a suspicion that "sundry opium is concealed on the premises of A" answers the requirement of the statute. It is not a criminal offense that opium is concealed on a person's premises without the averment that it is in the possession of some person. The essence of the offense is the unlawful possession of opium, not the mere fact of its existence concealed on a premises. I think the affidavit should set forth that the affiant believes that opium is in the unlawful possession of a named person concealed on certain specific premises, in order to authorize the Magistrate to issue the warrant, and anything short of this is insufficient.

The 12th article of the Constitution also prescribes "that the place to be searched shall be described."

Cooley on Torts, p. 295, says, that the warrant must also describe particularly the place to be searched and leave nothing to the discretion of the officer in this regard, citing many cases. In 13 Mass., 286, Sandford vs. Nichols, the affidavit alleged "that certain goods, wares and merchandise were lodged or deposited in the houses or stores of Messrs. Thomas Sanford & Co., of Troy," etc., and the Court held that the description was insufficient.

In the State vs. Robinson, 33 Maine, 564, the complaint and warrant described the premises as "a certain building on Plum street, called a shed." Held a defective description as not to distinguish this shed from any other on that street.

The affidavit in the complaint before us describes the premises as those of "one Hung Lo Kee (Ch.), situated at Hotel street, No. 24." I am of the opinion that this is a sufficient description, as the Police Justice of Honolulu could not suppose that any other place than No. 24, Hotel street, Honolulu, was intended.

Hang Lung Kee & Co., *v.* R. F. Bickerton and W. C. Parke.

It was urged that there is no person in existence bearing the name of "Hung Lo Kee," but that this is the firm name of the partnership doing business in these premises. This is undoubtedly true as appears by the evidence, but the averment in the complaint does not describe this Hung Lo Kee, as a partnership name, and the Magistrate had a right to assume that a certain individual of that name was intended. If the Magistrate was deceived by the affidavit in this respect he is exonerated.

The 12th article of the Constitution in declaring that "every person has the right to be secured from all unreasonable searches and seizures of his person, his house, his papers and effects," secures to the citizen a highly valued and important civil right. Says Judge Cooley : "In their origin these provisions had in view the mischiefs of such oppressive action by the government or its officers as the seizing of papers to obtain evidence of intended crimes, but their protection goes much beyond such cases, etc. An unlawful search and seizure is an aggravated trespass and should be visited with corresponding damages. Search warrants are allowed to be issued only after a showing of legal cause under oath to the satisfaction of the Court or Magistrate." Cooley on Torts, p. 294.

The Courts must watch these summary processes with extreme care and abuses of them, though unwittingly made must be corrected.

I ought to say that the form of complaint and warrant used in this case being printed forms, and presumably prepared by the Law Office of the Government were well calculated to throw the Magistrate off his guard.

The search, as shown by the evidence, was not conducted with any acts of violence or special indignity ; still there was an unlawful invasion of the plaintiffs' premises. The plaintiffs do not ask for heavy damages, and feeling assured that the awarding of a small amount will effect the correcting the evil

complained of, I find for the plaintiffs in the sum of $20 and costs against the Police Justice.

A. F. JUDD, Chief Justice.

A. S. Hartwell for plaintiffs.

Mr. Bickerton, *pro se*, Attorney General Preston for the Marshal.

Honolulu, January 4, 1883.