NEW-YORK,
Nov. 1810.

OSBORNE *against* MOSS.

OSBORNE
v.
MOSS.

THIS was an action of trespass *quare clausum fregit*, &c. The declaration stated, 1. That on the 10th of *September*, 1809, the defendant, at *Moreau*, in *Saratoga* county, broke and entered the close of the plaintiff, and took and carried away one pair of oxen, of the value of 200 dollars, and two cows, of the value of 100 dollars. 2. For taking and carrying away the same chattels. The defendant pleaded as to the force, &c. not guilty ; and as to the residue, that before, &c. to wit, on the 11th *September*, 1809, the defendant was legally appointed administrator of *Samuel Hodges*, deceased ; that the intestate was possessed, as of his own proper goods, of the said chattels, and that the defendant, as administrator, entered and took the chattels, and this he is ready to verify, &c.

The plaintiff replied, that before, &c. to wit, on the 7th of *August*, 1809, in the life of the intestate, at a justice's court, held, &c. he, the plaintiff, by the judgment of the court, recovered against the intestate 20 dollars and 3 cents, and that, on the 8th of *August*, in the life of the intestate, he obtained execution upon the said judgment, and delivered it to a constable, who levied on the said chattels, in the life-time of the intestate, and gave notice of the sale for a day certain ; and that the intestate died before that day, viz. on the 19th of *August*, 1809 ; that the sale of the chattels took place at the day appointed ; and the plaintiff purchased them as the highest bidder, and they were delivered to him by the constable ; and this he is ready to verify, &c.

The defendant rejoined, that before the said judgment,

*Where a person makes a fraudulent conveyance of his goods to another, for the purpose of defeating his creditors, and dies intestate, the conveyance, though void as against creditors, is good against the intestate, and an action may be maintained against the administrator for the goods.*

*A. confessed a judgment to B. fraudulently, for the purpose of defeating his creditors, on which execution issued, and the goods of A. were seized, when A. died intestate, and the goods were purchased by B. at the sheriff's sale by the highest bidder, but for the same fraudulent purpose; and C. being a creditor of A. took out letters of administration on his estate, and seized and took the goods out of the possession of B. as the property of A. In an action of trespass brought by B. against C. it was held that C., in his character of administrator, could not impeach the judgment on the ground of fraud; and that he had no right to take the goods, as a creditor, without suit, but was a trespasser. But though he was administrator of A. he might, as creditor, have sued B. as executor de son tort.*

VOL. VII.          X

and before the debt arose for which the said judgment was rendered, the intestate was indebted to the defendant in 200 dollars, which the plaintiff knew when the judgment was rendered, and when the debt arose; that the said chattels were all the goods of the intestate; that the debt or demand of the plaintiff was fraudulent or co-vinous, and made by the plaintiff and intestate to cheat the defendant and the other creditors of the intestate; and that the judgment was procured by the plaintiff and intestate, to defeat the defendant and the other creditors; that the execution and sale were contrived and intended for the same purpose, and with a fraudulent intent on the part of the plaintiff and the intestate; and this he is ready to verify, &c.

There was a general demurrer to the rejoinder, and a joinder in demurrer.

*H. Bleecker*, in support of the demurrer. A fraudulent donor cannot avail himself of the fraudulent conveyance; and the administrator stands in the place of the intestate, and has no greater or other rights than the person he represents. In *Packman's* case,* it was held, that a gift made by *covin*, though void under the statute of 13 *Eliz.* c. 5. as against a *creditor*, remained good against the donor, or his administrator. The same point was decided in *Hawes* v. *Leader*,† which is a case precisely analogous. But a creditor has no right to take the property, without any suit; and the defendant being a creditor as well as administrator, can make no difference. The chattels were not *assets* in the hands of the administrator, for the property was not sold before the administration was granted. They could be *assets* only in the hands of the plaintiff, as *executor de son tort.* The proper remedy for the defendant as creditor, or administrator, is by an action against the plaintiff as an executor *de son tort*.‡

* 6 Co. Rep. 18.

† Cro. Jac. 270.

‡ Com. Dig. Adm. (C. 3.) Styles,384. Rob. on Fraud. Conv. 593, 594. 2 Term Rep. 587. Yelv. 197. 2 Leo. 227. 3 Leo. 57. Cro. Jac. 271.

*Skinner*, contra. The judgment being void as fraudulent, the property became *assets* in the hands of the administrator. In *Belthel* v. *Stanhope*,[*] it was decided, that where a person makes a fraudulent gift of goods, and dies indebted, the gift is utterly void against creditors, and the goods are *assets* in the hands of the administrator. The case of *Waring* v. *Dewberry*[†] shows that the rights of the administrator relate back to the death of the intestate. It can make no difference, therefore, that the property was sold after the death of the intestate, but before any administration was granted. The material inquiry is, in whom was the property when the intestate died. If, as I contend, it was in the intestate, it belonged to the administrator, who might bring *trespass* or *trover* for it. If the creditors have a right to this property, why may not the administrator recover it for them? A creditor might inform him of the fact of its having been fraudulently conveyed, and request him to insert it in the inventory. In *Cadogan* v. *Kennett*,[‡] Lord *Mansfield* said that the statutes of the 13 and 27 *Eliz.* could not receive too liberal a construction, or be too much extended in suppression of fraud. The first statute was made for the protection of creditors; and any transaction, if done for the purpose of defeating creditors, though there may be a fair and full price paid, is fraudulent and void.

*Per Curiam.* The defendant justifies, as administrator of *Hodges*, the taking of the goods in question from the possession of the plaintiff; and he denies the right of the plaintiff to hold them under the judgment and execution which he had against the intestate, because the judgment, execution and sale were all procured by covin and fraud between the plaintiff and intestate, to cheat the creditors of the intestate; and this fact is admitted by the demurrer. But the case of *Hawes* v. *Leader*

[*] Cro. Eliz. 81.
2 Term Rep. 97.

[†] 1 Stra. 97.

[‡] Cowper, 432.</div>

(*Cro. Jac.* 270. *Yelv.* 196.) is an answer to this defence, and completely destroys it. In that case the intestate made a grant of his goods to *B.* by fraud between him and *B.* to cheat the creditors, and he kept possession of the goods, and died. *B.* then sued the administrator for the goods, and he pleaded this covin and fraud and the statute of 13 *Eliz.* which declares all such gifts and grants void as against creditors ; but, on demurrer, the plea was held bad, and judgment was rendered for the plaintiff, on the ground, among others, that the deed was void only as against creditors, but that it remained good as against the party himself, and his executors and administrators. This ground of the decision is mentioned by *Yelverton*, in his report of the case, with *quod nota;* and he was counsel for defendant, and his reports are among the best of the old authorities.

The defendant further sets up in his defence, that he was a creditor, as well as administrator of the intestate. This was not stated in his *plea*, but in his *rejoinder;* and it is stated rather as inducement than as matter of justification. It does not, however, alter the case. As creditor, he had no right to take the goods without suit. He was still a *trespasser;* and in his character of administrator he could not attack the judgment on the ground of fraud. His remedy, as creditor, would have been to have sued the plaintiff for his debt, and charged him as executor *de son tort.* This he could have done, notwithstanding he was administrator ; and the case of *Ashby* v. *Child* (*Styles*, 384.) is expressly to this point. The plaintiff is therefore entitled to judgment.

Judgment for the plaintiff.