David Davis and Joseph Davis, who were brothers, lived together; and David made a transfer by judgment and execution sales, of all his slaves, to his brother Joseph, alleged by the plaintiff to be fraudulent; and afterwards David died indebted to the plaintiff, and one Williams qualified as his administrator. The administrator of David brought suit against Joseph to recover the slaves, and failed because the transfer, although void as to creditors, was good as between parties to it and their representatives. After this suit Joseph died, and the defendant became his administrator, and, as such, took possession of the slaves, and claimed them as the assets of his intestate Joseph. The plaintiff, as a creditor of David, brought this action against the defendant, Storey, seeking to charge him as executor de son tort of David Davis, and he pleaded ne unquesexecutor.
The plaintiff, in making out proof of the fraudulent transfer and sale of the slaves between the two brothers, offered a witness to (330) prove what a witness then dead had sworn in the suit between the administrator of David Davis and Joseph Davis. This evidence was objected to, but received by the court.
His Honor charged the jury that if the transfer of the slaves by David Davis to his brother Joseph was made to defraud his, David's, *Page 263 
creditors, then the plaintiff could, under this state of facts, recover of the defendant as executor de son tort of David Davis. There was a verdict for the plaintiff, and upon a motion for a new trial his Honor observed that the evidence of what the deceased witness had sworn to in the suit between the administrator of David Davis and Joseph Davis had been received subject to the opinion of the court as to its admissibility, and that he thought it inadmissible, but as the parties wished the whole case to be carried to the Supreme Court, he would overrule the motion, which he did, and gave judgment for the plaintiff, from which the defendant appealed.
The counsel for the defendant admits that if Joseph Davis was alive, and if the present plaintiff (a creditor of David) had sued him, he could have recovered, as Joseph was an executor de son tort of David. Osborne v. Moss, 7 John. Rep., 161. But that as Joseph died in possession of the slaves Storey intermeddled with them under a color of right as administrator of Joseph. He cited the case of Turner v. Child, 1 Dev. Rep., 25, and Williams on Exrs., 140. We think the counsel's references are not in point for him. In the first, Samuel Child was left agent by Francis Child, to sell property at a credit of six months, and collect the proceeds of the sale. He sold, and before the credit was out, his principal died, and he, having possession of the evidences of the debts, proceeded to collect. Two of the judges of this Court, against the opinions of the Chief Justice and the judge who tried the cause in the Superior Court, were of the opinion that this did not make him an executor de son tort. Samuel Child had been rightfully put (331) into possession of the property, not only as to his principal, but as to all the world. But Storey quoad the claim of the present plainttiff [plaintiff], had no right to intermeddle with the slaves by force of the letters of administration of the estate of Joseph granted to him. The letters granted by the court authorized him to administer the goods and chattels that lately belonged to Joseph. As to the creditors of David, these slaves were the assets of David. Storey, not having the possession, nor any legal authority as to the plaintiff, to take possession by force of his character of administrator of Joseph, is, in law, a wrong-doer or intermeddler with those assets of David which the law had appropriated to the satisfaction of the plaintiff's debt. In Williams on Executors, it is said, if the person claims a lien on the goods, though he may not be able to make out his title completely, he is not an executor de son tort. In *Page 264 
the case referred to by Williams, of Femings v. Jarratt, 1 Esp. N. P. cases, 335, the person had the possession of the goods at the time of the death of the owner. He retained and intermeddled under a colorable claim of a lien consistent with a general property in the deceased. In the case before us, Storey had not the possession. He illegally took possession of the slaves as the assets of Joseph, when, in law, they were the assets of David Davis for the benefit of his creditors.
The defendant's counsel again contends that a bona fide assignee of an executor de son tort is never liable to be sued by the creditors of the deceased debtor. For this he cited Godol. Orph. Leg., pt. 2, c. 8, s. 6, and contended that Storey, being administrator of Joseph, was, in law, the assignee of the slaves from him, the said Joseph, the first executorde son tort. Without stopping to enquire whether the law be as is stated we nevertheless think if the law be so, it has no applicability to this case. The law never assigns anything to an administrator but what may be rightfully assigned. The law declared that these assets in the hands of Joseph were applicable to the payment of the creditors of David. The death of Joseph could not have the effect of making them his assets, to the detriment of the creditors of David. The grant of administration did not assign these assets to Storey. As to the (332) creditors of David he, Storey, took the slaves without any legal assignment. He is consequently, in our opinion, liable to the plaintiff as executor de son tort of David. The administrator cannot ever be doubly charged, viz.: to the creditors of both the brothers, if he is careful in his pleadings.
Secondly. The court admitted the evidence of what a deceased witness had sworn to in another and different suit. This was erroneous (Stark on Ev., 43), and for this reason there must be a new trial.
PER CURIAM. Judgment reversed.
Cited: Burton v. Farinholt, 86 N.C. 267; Bryan v. Malloy, 90 N.C. 510.