.Daniel, Judge,
after stating the facts of the case as above, proceeded as follows: The counsel for the defendant admits that if Joseph Davis was alive, and if the present plaintiff (a creditor of David) had sued him, he could have recovered,, as Joseph was an executor de son tort of David. Osborne vs. Moss, 7 John. Rep. 161: But that as Joseph died in possession of the slaves, Storey intermeddled with them under a colour of right as administrator of Joseph. He cited the case of Turner vs. Child, 1 Dev. Rep. 25, and Williams on Ex’rs 140. We think the counsel’s references are not in point for him. In the first, Samuel Child was left agent by Francis Child, to sell property at a credit of six months, and collect the proceeds of the sale. He sold, and before the credit was out, his principal died, and he, having possession of the evidences of the debts, proceeded to collect. Two of the Judges of this Court, against the opinions of the Chief Justice and the Judge who tried the cause in the Superior Court, were of the opinion that this did not make him an executor de son tort. Samuel Child had been rightfully put into the possession of the property, not only as to his principal, but as to all the world. But Storey quoad the claim of the present plaintiff, had no right to intermeddle with the slaves by force of the letters of administration on the estate of Joseph granted to» *191 him. Tbe letters granted by the court, authorised him to administer the goods and chattels that lately belonged to Joseph. As to the creditors of David, these slaves were the assets of David. Storey, not having the possession, nor any legal thority, as to the plaintiff, to fake possession by force of his character of administrator of Joseph, is in law a wrong-doer or intermeddlcr with those assets oí David which the law had appropriated to the satisfaction of the plaintiff’s debt. In Williams on Executors, it is said, if the person claims a lien on the goods, though he may not be able to make outhis title completely, he is not an executor de son tort. In the case referred to by Williams, of Femings vs. Jarratt, 1 Esp. N. P. cases 335, the person had the possession of the goods at the ■time of the death of the owner. He retained and intermeddled under a colorable claim of a lien consistent with a general property in the deceased. In the case before us, Storey had not the possession. He illegally took possession of these slaves as the assets of Joseph, when, in law, they were the assets of David Davis for the benefit of his creditors..
Theiawne-“¡'ng'to »eim’r, right oon-for v>s<sre<Kt’rs signedtoih* ih>’asl as a-the °f assignor*
The defendant’s counsel again contends, that a bona fule ■assignee of an executor de son tort, is never liable to be sued by the creditors of the deceased debtor. For this he cited Godol. Orph. Leg. pt. 2 c. 8, s. 6; and contended that Storey, being administrator of Joseph, was, in law, the assignee of the slaves from him, the said Joseph, the first executor de son tort. Without stopping to enquire whether the law be as is stated, we nevertheless think if the law be so, it has no applicability to this case. The 1 aw never assigns any thing to an administrator but what may be rightfully assigned. The law declared that these assets in the hands of Joseph, were applicable to the payment of the creditors of David. The -of Joseph-could not have the effect of making them his ■sets, to the detriment of the creditors of David. The grant of administration did not assign these assets to Storey. to the creditors of David, he, Storey, took the slaves without any legal assignment. He is consequently, in our opinion? liable to the plaintiff as executor de son tort of David. The administrator cannot ever be doubly charged, viz. to the creditors of both the brothers, if he is careful in his plead- . ' *■ mg.
*192 Secondly. The Court admitted the evidence of what a de„ witness had sworn to in another and different suit. was erroneous, (Stark on Ev. 43;) and for this reason, must be a new trial,
Per Curiam. Judgment reversed.