Sanderson *v.* Goodrich.

*Dailey & Backman,* for the appellants.

*Christie & Barlow,* for the respondents.

[BROOME GENERAL TERM, May 8, 1866, *Parker, Mason, Balcom* and *Boardman,* Justices.]

───── • ◊ • ─────

## SANDERSON *vs.* GOODRICH.

An agreement, by the lessee of a hotel, to lease to another the bar of the hotel and to sell to him the right to sell liquors under his (the lessee's) license, is illegal and void, as providing for a violation of the law; and as between the parties thereto, it can not be enforced.

Nor can a promissory note, given as a part of the consideration of such an agreement, be enforced by one who took the same with full knowledge of the terms and purpose of the agreement, and who was aiding and assisting in carrying it out.

Sanderson *v.* Goodrich.

Such a holder stands in the same position the lessee would have occupied, had he taken the note, and sued upon it; and has no greater right to recover upon it than the lessee would have had.

Besides; in taking the proceeds of the void contract, with full knowledge of, and acting in, the transaction, the holder becomes a party to it, and for that reason, also, he should not be allowed to recover.

Where a part of the consideration of an agreement is legal and valid, and a part illegal and void, it may be enforced, provided the several undertakings are distinct, so that what is legal may be separated from what is illegal.

But where the consideration to be paid is a gross sum, without the means of separating or distinguishing the good from the bad, an action will not lie upon a promissory note, given for the consideration.

THE plaintiff, who was the owner of a hotel, rented it to one Shutes for one year from April 1, 1861. Shutes obtained a license to sell liquors, which expired May 21, 1862. In June, while Shutes was keeping the hotel, he made a written agreement, the contents of which were fully known to the plaintiff, with the defendant, by which, in consideration of $200, Shutes leased to the defendant the bar of the hotel until the first of April, 1862, sold to the defendant the right to sell liquors under his (Shute's) license as fully as he could do, for the same time, and agreed to board the defendant until April 1. The note in suit, for $150, was given by the defendant to the plaintiff as a part of said consideration of $200, in payment of so much rent due, or to grow due, on the plaintiff's lease to Shutes, but Shutes was not released from his liability for such rent. This action is brought to recover the amount of said note for $150. The referee found the consideration thereof illegal, and judgment for costs was entered in favor of the defendant; from which an appeal was taken to this court.

*E. Countryman,* for the plaintiff.

*N. C. Moak,* for the defendant.

*By the Court,* BOARDMAN, J. Illegallity of a contract, when it is capable of a legal construction, is not to be pre-

sumed, (34 *Barb.* 533;) and I first thought this contract might be so read as to constitute a lease of the bar, a contract to board, and a covenant that Shutes would not sell liquor under his license to compete with Goodrich, who should have the whole business, notwithstanding the old license. But the language of the contract is too broad and explicit to allow of such innocent construction. It must be held that the contract, in providing for a violation of the law, was illegal and void, and as between Shutes and Goodrich, could not have been enforced.

The plaintiff stands in no better situation than Shutes. The evidence satisfies me, as it did the referee, that the plaintiff knew the terms of the contract, before he took the note. If he did, he became a party to the illegal contract, and can not enforce payment of the note. He not only knew the purpose for which the arrangement was made, but was aiding and assisting in carrying it out.

The appellant's counsel claims that the instrument was not void *in toto*, because part of the consideration — the lease and the contract to board — were legal and valid. That might be true if the several undertakings were distinct, so that what was legal could be separated from what was illegal. (*Curtis* v. *Leavitt*, 15 *N. Y. Rep.* 12, 14, 96.) But the difficulty here is, that it is impossible to divide this $200, and know what part of it is applicable to the legal and what to the illegal portions of the contract. The consideration to be paid is a gross sum, without the means of separating or distinguishing the good from the bad. In such case an action will not lie. (*Rose* v. *Truax*, 21 *Barb.* 361. *Brown* v. *Brown*, 34 *id.* 533.) The plaintiff's position forbids the application of the rule laid down in *Tracy* v. *Talmage*, (14 *N. Y. Rep.* 162.) He stands in the same position as Shutes would have stood in if he had taken the defendant's note, and had sued upon it. The plaintiff knew what it was given for, and that it was void for want of a legal consideration; that it was made for him, and that he parted with

The People *v.* Carpenter.

no consideration for it. Under such circumstances the plaintiff has no greater right to recover than Shutes would have had. Besides, in taking the proceeds of the void contract with full knowledge of, and acting in, the transanction, he became a party to it; and for that reason also should not be allowed to recover.

Having thus determined, upon the merits of this case, that the plaintiff is not entitled to recover, it is unnecessary to examine the various exceptions on the part of the plaintiff to the admission or rejection of evidence. Whatever might be the result, it could not affect the final disposition of the case.

The judgment should be affirmed with costs.

[BROOME GENERAL TERM, May 8, 1866. *Parker, Mason, Balcom* and *Boardman*, Justices.]