Clift *v.* Northrup.

---

Joseph F. Clift, Respondent, *v.* Anson Northrup, Appellant.

(General Term, Fourth Department, June, 1872.)

A claim of defendant against plaintiff, arising out of partnership transactions between them, the partnership being terminated before the commencement of the action, may be set up as a counter-claim in an action on contract, and the amount due defendant as such partner may be ascertained by an accounting between the parties.

The answer set up, in relation to such counter-claim, that the partnership terminated at a certain day, which was several months before the commencement of the action. That plaintiff conducted the business and acted as financial manager, and had possession of the funds and all payments, and that he had in his possession all the capital and profits of the business. *Held*, it sufficiently appeared from these allegations that the counter-claim was in existence at the commencement of the action.

Appeal from a judgment entered in favor of defendant upon a trial by the court without a jury. The facts are stated in the opinion.

*Hiscock, Gifford & Doheny*, for the appellant.

*William J. Wallace*, for the respondent.

Present—Mullin, P. J.; Johnson and Talcott, JJ.

By the Court—Johnson, J. The action was upon contract for goods sold and delivered. The answer contained no denial of the complaint, but set up by way of defence a counter-claim in favor of the defendant against the plaintiff growing out of partnership transactions between plaintiff and defendant, in which there was alleged to be due the defendant as such partner the sum of $125. The answer asked for an accounting between the parties as partners; that the amount found due the defendant on such accounting might be set off and allowed against plaintiff's claim, and a judgment rendered in favor of the defendant against the plaintiff for the balance. The plaintiff replied, denying

Clift v. Northrup.

the counter-claim.   On the trial of the action at the circuit before the justice holding the same, without a jury, the defendant offered to prove the facts stated in his answer, but the justice, upon objection by plaintiff's counsel, overruled the offer, and held that the answer did not constitute a defence to the action, and rendered judgment in favor of the plaintiff for the amount claimed in the complaint.   To this ruling the defendant's counsel excepted.   This ruling was erroneous.   The precise question was decided the other way on demurrer in *Gage* v. *Angell* (8 How. Pr. R., 335), and that decision has been cited with approval in the Court of Appeals in *Chambers* v. *Lewis* (28 N. Y., 462) and in *Cummings* v. *Morris* (25 id., 628), and also in several cases in the Supreme Court.   (See also *Gray* v. *Goodman*, 12 N. Y., 266 ; *Phillips* v. *Graham*, 17 id., 270 ; *Blair* v. *Claxton*, 18 id., 529 ; *Bank of Toronto* v. *Hunter*, 20 How. Pr. R., 292.)

The counter-claim comes directly within section 150 of the Code.   For the purposes of this question the answer must be assumed to be true.   It is, then, a claim existing in favor of the defendant against the plaintiff in the action, and the subject of a several judgment between them.   It arises out of contract, being a demand between partners, and arising from partnership transactions.   That a demand of one partner against another, growing out of the partnership, is a demand arising on contract, cannot be denied.   A partnership has its foundation in contract, express or implied, and cannot exist without it.   The Code (§ 150) expressly authorizes counter-claims of an equitable character, if they arise on contract, to be set up against legal claims arising on contract in an action at law.

The plaintiff's counsel seeks to avoid the difficulty by insisting that it does not appear by the answer that the counter-claim existed at the time the action was commenced, and that, for aught that appears in the answer, it may have accrued between the time of the commencement of the action and the drawing and verification of the answer.   The decision at Special Term obviously was not placed upon any such

ground; but upon the broad ground that a claim of that kind was no defence in such an action. But it does appear sufficiently by the answer that the defendant's counter-claim was due when the action was commenced. The action was commenced June 1, 1871. The answer alleges that the partnership, out of which his claim grew, commenced in December, 1870, and continued until about the 20th of January, 1871, when it was dissolved and abandoned by mutual consent. It also alleges that the plaintiff conducted the business and acted as financial manager, and had possession of the funds and all payments; and that he now has in his possession all the capital and all the earnings and profits, amounting in all to $250. The plain intendment is that the plaintiff had had this fund, at least from the time of the dissolution, which was more than four months before the action was commenced.

The judgment must therefore be reversed and a new trial ordered, with costs to abide event.

Judgment reversed.