Lynch v. Dowling.

# New York Marine Court.

*Trial Term—May,* 1878.

## MICHAEL LYNCH *against* DAVID W. DOWLING.

The marine court has no power to reform a contract, and then allow a recovery upon the contract as reformed, although superior courts of record have such jurisdiction.

A bill of sale may be void as to creditors, and good, as between the parties to it. A liquor license is not assignable, and profits from an unlicensed liquor trade are not recoverable.

McAdam, J.—An inspection of the complaint satisfies me that the plaintiff cannot, upon the facts alleged, obtain in this court, with its limited statutory jurisdiction of a purely legal nature, that equitable relief which he will require to entitle him to a recovery In disposing of the question the stinted legal jurisdiction of a common law nature which limits the marine court must be borne in mind, and not confounded with that of the superior city courts, which, since the Constitution of 1846, have possessed the united powers of

a common law and equity jurisdiction; and these courts, having plenary powers, may, under the provisions of the Code uniting legal and equitable remedies, entertain jurisdiction of an action for the reformation of a contract, and for the recovery at the same time upon the contract as reformed (Crary v. Goodman, 12 *N. Y.* 266; Phillips v. Gorham, 17 *Id.* 270; N. Y. Ice Co. v. N. W. Ins. Co., 23 *Id.* 357; Maher v. Hibernia Ins. Co., 67 *Id.* 283, 292; Pitcher v. Hennessey, 48 *N. Y.* 415).

Thus, in Phillips v. Gorham, *supra,* the court of appeals held that in an action to recover the possession of land the plaintiffs may attack a deed under which the plaintiff claims title both upon legal grounds and upon such as before the Code were of purely equitable cognizance. The ground upon which the power was sustained was that prior to the Constitution of 1846 this judicial authority had existed in two separate branches, *i. e.,* the original jurisdiction at law was in the supreme court, while the equitable jurisdiction was in the court of chancery, and the new Constitution (1846) conferred the whole jurisdiction upon a single supreme court (see 1 *Wait's Actions and Defenses,* 14). The old supreme court, as a common-law tribunal, certainly possessed a more comprehensive jurisdiction than the marine court does now, and yet that tribunal, prior to 1846, could not have rendered the plaintiff any equitable relief. Let us look, then, at the complaint, and see what relief, of a legal nature merely, the plaintiff alleges himself entitled to. He alleges, in the first paragraph, that he was the owner of a business at 1389 Broadway, in the city of New York, stocked with liquors of various kinds. In the second paragraph the plaintiff alleges an agreement made in December, 1876, whereby the defendant agreed to carry on the business for the plaintiff, and to account to him for the proceeds; and, to enable the defendant to carry on the business, the defendant induced the plaintiff to sign, execute

Lynch v. Dowling.

and deliver to the defendant a bill of sale of the said business and stock. In the third paragraph the plaintiff alleges that he made, executed and delivered said bill of sale without consideration, and that the defendant took possession under said bill of sale, on his promise to account to the plaintiff therefor upon demand ; that the plaintiff demanded an account and a return of the property, and that the defendant refused to give it up, claiming title under the bill of sale. In the fourth paragraph the plaintiff charges that the promises to account were fraudulently made, and that in consequence the plaintiff suffered great losses in various ways, up to the sum of $2,000, for which he demands judgment. The bill of sale, according to the complaint, was executed and delivered, and the defendant took possession under it and has since maintained it. As between the parties to it, the bill of sale, and delivery of possession, vested the absolute title to the business, stock and their proceeds in the defendant, as vendee (1 *Parsons on Cont.* 6 ed. 525), and the inducing causes which led to the sale do not in law amount to a fraud, which must consist in making some misrepresentation as to an existing fact (People v. Tompkins, 1 *Park. Cr.* 224 ; Fisher v. N. Y. Com. Pleas, 18 *Wend.* 609 ; 40 *Barb.* 512 ; *Barbour's Crim. Law*, 2 ed. 137, 138 ; Ranney v. People, 22 *N. Y.* 413 ; see Neuff's Case, 1 *Salk.* 151), and not a mere failure to keep a promise to be performed at a future day (*Ib.*). The plaintiff parted with his title, and there is nothing which the law recognizes as fraud to impeach the sale. The plaintiff intended to give a bill of sale, and he gave no more than he intended to give. He gave the defendant possession, and thus the legal title was put in the defendant understandingly, and by the plaintiff's own voluntary act. If the bill of sale does not express the entire contract, a bill to reform the contract should be filed, and the contract as reformed should be enforced.

But I have already indicated that this court is not the tribunal where that relief can be obtained, but that the recourse must be had to a court of equity (see 2 *Wait's Actions and Defenses*, 512). The plaintiff may have a remedy in a court of equity, but whether he has or not it is clear to me he has none in a limited and stinted jurisdiction like the marine court. It is not the business of the courts to furnish new remedies to parties, even though existing ones are found inadequate to afford protection or redress, as that falls more properly within the province of the legislature (14 *N. Y.* 534, 542). The supreme court, at the Monroe general term, decided "that if a written contract, by reason of any mistake of fact, does not express the agreement in fact, a court of equity may reform and correct it by decree in a direct action for that purpose, but it cannot be changed or reformed by parol evidence in an action at law arising upon an alleged breach of such contract, in which the plaintiff seeks to recover damages only; and that if an alleged previous oral agreement is declared upon as the subsisting agreement, the subsequent written agreement, duly executed, the moment it is presented in evidence destroys the oral one, and takes away its character as an agreement, entirely; and no amount of parol evidence can give it force or vitality, as against the written version. The written version must be changed, or the contract must stand and be performed as first written" (Bush v. Tilley, 49 *Barb.* 599). Whatever may be said of the soundness of this decision as applied to the supreme court, under the authorities previously cited, there can be no question about its accuracy as applied to the limited jurisdiction of the marine court. I am at a loss, therefore, to see how the plaintiff can succeed in a court of law, no matter what name he gives his action. Trover for conversion, or action upon contract to account, must fail, where, as in this case, upon the face of the complaint it affirmatively

appears that the plaintiff is without title to the prop-
erty he claims, for its proceeds would naturally follow
the title, and by no possibility vest in him. The plaint-
iff, as before remarked, must seek redress in one of the
superior city courts of record ; if he is entitled to any
relief he will get it there. He has mistaken his forum.
This question must be met and adjudicated, and as
the record fairly presents the objection, there is little
practical use in spending hours over the introduction
of evidence and the examination of accounts, when the
result must be the same in the end. The question
of accounting also belongs more appropriately to
such a superior court, and if the plaintiff succeeds
there in reforming the writing, or in getting rid of its
effect, that court may order the accounting to proceed
after the trial, before a referee named for the purpose.
In conclusion, what was the purpose of the bill of sale,
if not intended to invest the title to the property and
its proceeds in the vendee ? The complaint charges
that it was made "in order that he (the defendant)
might carry on said business with advantage to the
plaintiff." The business was that of selling ales, wines
and whiskies, and required an excise license, which
could issue only to the actual proprietor. After this
bill of sale was made, in whom was the legal proprie-
tor's interest vested ? Who was the actual owner un-
der the statute regulating excise licenses ? Certainly
the defendant. If the plaintiff intended any other re-
sult, he must have known that the effect of his act was
to evade the excise statutes, and that his act was in
consequence illegal to such an extent as to prevent him
founding any claim upon it (4 *N. Y.* 449 ; 7 *Id.* 176 ;
4 *Hill*, 424 ; 15 *N. Y.* 334 ; 36 *Barb.* 210 ; 9 *N. Y.* 520).
If he intended, on the other hand, that the place
should be run without a license, the profits from such
business would not be recoverable (see Ehel *v.* Smith,
3 *Caines*, 187 ; Griffith *v.* Wells, 3 *Den.* 226 ; Kane *v.*.

Johnston, 9 *Bosw.* 155 ; Bosworth *v.* Swansey, 10 *Met.* 363.   And the same result would follow if the understanding was to run the place on Lynch's license (Sanderson *v.* Goodrich, 46 *Barb.* 616).   The plaintiff has therefore, by his own act, placed his title and right of recovery in such a position as to be unavailing to him under the allegations of his complaint, and the legal inferences which flow therefrom, for even a fraudulent conveyance, though void as to creditors, is good between the parties (Osborne *v.* Morse, 7 *Johns.* 161 ; 16 *Id.* 189 ; 4 *Conn.* 207 ; 11 *Wheat.* 203 ; Waterbury *v.* Westervelt, 9 *N. Y.* 598 ; 25 *Barb.* 428).   It follows, therefore, that the objection to the jurisdiction is fatal, and that the complaint must be dismissed.