ALDRICH *v.* BAILEY.

*(Supreme Court, General Term, First Department.* January 10, 1890.)

SPECIFIC PERFORMANCE—WHEN DECREED—DISPUTED TITLE.

In an action for specific performance of a contract to purchase land, the vendee cannot be required to accept title while an action is pending to set aside for fraud a deed on which the vendor's title depends.

Case submitted on agreed statement.

Action by Elizabeth W. Aldrich against Mary E. Bailey to enforce a contract for the purchase of land.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*George Putnam Smith,* for plaintiff.   *E. H. Landon,* for defendant.

DANIELS, J.   The object of the submission is to secure a determination upon the right of the plaintiff to require a contract to be performed for the sale and conveyance of land to the defendant.   This land is a part of the block bounded by Sixty-Third and Sixty-Fourth streets and Tenth and Eleventh avenues, in the city of New York.   It was owned in May, 1885, by John Paine, who then conveyed it to Elizabeth Noble.   Portions of this land were afterwards vested in Thomas W. Hall and Anthony W. Hughes, who respectively executed and delivered mortgages upon the same to William Noble, the husband of Elizabeth Noble.   These mortgages were foreclosed, and the property was sold and conveyed to Elizabeth Coates, who sold and conveyed the premises in controversy to the plaintiff for the sum of $300,000; and the plaintiff entered into a contract to sell and convey the same premises to the defendant.   This contract was made on the 11th of June, 1889; but on the 3d of that month a complaint and notice of the pendency of the action were filed in the office of the clerk of the city and county of New York, in an action wherein William Paine is plaintiff, and William Noble, Elizabeth Noble, and others are the defendants.   The plaintiff in this action, as well as some of the defendants, are alleged to be the heirs at law of John Paine, the original owner of the property, and the object of the action is to set aside and annul the conveyance made to Elizabeth Noble; and in support of the action it has been alleged that he was mentally weak, incompetent, and unsound of mind; and incapable of attending to business, or of understanding and comprehending a business transaction, and was entirely under the control and influence of an agent acting at the time in the interest and on behalf of the grantee in this deed; and that the deed obtained from him was for the exchange of another piece of land, subject to a mortgage of $70,000, which was afterwards foreclosed, and the premises sold for its payment, realizing an insufficient amount to satisfy the demand.   The effect of the allegations in the complaint is that the deed from John Paine to Elizabeth Noble was obtained by fraud and imposition, and without returning the slightest equivalent for it to him; and that, inasmuch as he was in this alleged condition at the time, that it should be set aside and annulled by the court.

In form, the action does not propose to affect the title to that which was agreed to be conveyed by the plaintiff to the defendant, but its object is to secure the annulment of the prior deed, through which this title has been derived; and a state of facts has been alleged under which, if they shall be sustained by the evidence, it may be maintained that no title was conveyed by the deed made from John Paine to Elizabeth Noble, on account of his incapacity, and unsoundness of mind.   If this shall be established, and the law shall continue to be applied as it was held to be in *Van Deusen* v. *Sweet*, 51 N. Y. 378, then the deed was void, and conveyed no title to Elizabeth Noble to the property; and by another action the heirs of John Paine will then be at liberty to disaffirm the title of the plaintiff herself.   The least that can be said is that she would be placed in a condition where that may be made the

subject of litigation and controversy; and if it should be, and the defendant took the title, she would be brought into that controversy, for the complaint and notice of pendency of the action were filed on the 3d of June, 1889, which was prior to the time of the making of the contract for the conveyance of the land to her. And where the title is liable to be brought into controversy in this manner, even though the proceeding might in the end not result adversely, it is not the practice of the courts to require the purchaser to accept and receive it; for the purchaser of real estate under a contract of this nature is entitled to receive a marketable title. And it is entirely clear that a title which may be subject to future litigation, as this title is, will not answer this requirement. The authorities are strict and explicit in this respect, and they relieve the purchaser from liability where the title to the land is shown to be in the condition of the least uncertainty. *Moore* v. *Williams*, 115 N. Y. 586, 22 N. E. Rep. 233. The title proposed to be conveyed in fulfillment of the contract is not one which, under these circumstances, the purchaser should be required to receive; and judgment in the proceeding should be awarded in favor of the defendant.

BARRETT, J. I concur in the opinion of Mr. Justice DANIELS. If the claim made in *Paine* v. *Noble* were confined to the mere assertion of prior equities, I think the defendant would have been compelled to take, for the plaintiff is clearly the grantee of a *bona fide* purchaser for value. But the averments of the complaint in that suit raise a question of sanity; and, although these averments are connected with charges of fraud and duress, yet an independent finding of actual insanity may possibly be made. At all events, the defendant should not be called upon to take that risk. If forgery of the original deed were averred, it would be plain enough that the defendant should not be required to take. It seems, however, that under the rule laid down in *Van Deusen* v. *Sweet*, 51 N. Y. 383, the effect of a finding that John Paine was *non compos mentis* would be very much the same in effect, namely, that the deed was not merely voidable, but void. That would at least put the defeated party under the necessity of showing that the original sale was for the benefit of the lunatic or his estate, was made in good faith, and without knowledge of his condition, and that the party who made it cannot be put *in statu quo*. *Johnson* v. *Stone*, 35 Hun, 383. The possibility of this burden should not be put upon the defendant. She is entitled to a title which shall protect her from annoying, even if unsuccessful, litigation.