BENNETT F. BROWN, BY WELTHA R. BROWN, HIS COMMITTEE, RESPONDENT, *v.* ANDREW B. MILES, JR., APPELLANT.

| 61h | 453 |
|-----|-----|
| o 75 AD¹336 | |

*Insane — deed by one who has contracted to convey land and is subsequently declared to be a lunatic — right of the purchaser, as to a specific performance or a return of the consideration.*

A deed by one who has been judicially declared to be a lunatic is absolutely void.

A lunatic, before he had been declared to be such, executed a written agreement to convey certain real estate to a purchaser, who thereupon paid the consideration therefor, went into possession and made improvements upon the premises.

After proceedings in lunacy had been had the lunatic and his wife executed a deed in pursuance of such agreement.

An action of ejectment to recover possession of the premises was thereafter brought by the committee of the lunatic. but no offer was made to restore to the purchaser the consideration paid by him, or to pay for the improvements.

*Held*, that, in the absence of proof of fraud, or that the lunatic was such when he entered into the written agreement, or that the purchaser had not contracted in good faith, he might justify his possession under such agreement.

That if such deed could not stand the purchaser was entitled either to a decree for the specific performance of the written agreement or to a return of the consideration paid thereon.

APPEAL by the defendant Andrew B Miles, Jr., from a judgment of the Supreme Court, entered in the office of the clerk of the county of Jefferson on the 15th day of December, 1890, adjudging that the plaintiff recover of the defendant certain real property; that the plaintiff was the owner in fee thereof; that he recover possession thereof, and damages for its use; and also from an order, entered in said clerk's office on the same day, denying the defendant's motion for a new trial upon the minutes, after a trial at the Jefferson Circuit before the court and a jury.

The jury found for the plaintiff, and " that he is the owner in fee of the premises, and awarding him damages of $60 for the use and occupation of the premises." The defendant moved for a new trial on the minutes " on the grounds that the verdict is contrary to law and against the evidence, and against the weight of evidence, and also upon the exceptions taken during the trial." The motion was denied, and the defendant took an exception thereto. Judgment was entered upon the verdict, and the plaintiff appealed from the judgment, and from the order denying a new trial. The case contained all the evidence.

Plaintiff's complaint alleged that proceedings were had *de lunatico inquirendo*, and that, upon an inquisition, Bennett F. Brown was " found to be a person of unsound mind; " and that on the 29th of April, 1890, Weltha R. Brown was appointed the committee of his person and estate, and that she qualified and entered upon the performance of her duties. " That since on or about April 15th, 1889, at all the times hereinafter referred to, the said Bennett F. Brown was a person of unsound mind." * * * " That on or about July 1st, 1889, the said Andrew B. Miles, Jr., received and accepted from the said Bennett F. Brown what purported to be a conveyance by warranty deed of the premises hereinafter described, which was executed at about that time by the said Brown, who was then insane, but the said conveyance was at the time of the execution thereof and has ever since remained utterly void and of no effect for that reason." The complaint further alleged that Bennett F. Brown " is the owner in fee of the said premises hereinafter described, and was possessed thereof until about the 1st of July aforesaid, and that while the plaintiff was such owner and in possession of the said real estate, the said defendant, on or about July 1st, 1889, wrongfully and unlawfully entered in

and upon the said premises and property hereinafter described, and wrongfully and unlawfully withholds the same from the plaintiff." It contained a description of the land containing 24.09 acres of land " as surveyed by W. A. Lyttle, June 3d, 1889," and asked for judgment against the defendant " for the recovery of the possession of the said real property, and for the damages aforesaid, together with the costs of this action."

In the defendant's answer he " admitted that on or about the 1st. day of July, 1889, he received and accepted a warranty deed of the premises described in the complaint executed by the said Bennett F. Brown and Weltha R. Brown, his wife; " he then denied the other allegations of the complaint; and for a defense he sets up that on the 19th day of April, 1889, " the said Bennett F. Brown executed and delivered to this defendant his agreement in writing, whereby, for value received, he agreed to give to this defendant a good and sufficient warranty deed of all the land south of a line running at right angles from the line fence," etc., which agreement, it is alleged, acknowledged the receipt of the payment therefor, and provided that a deed was to be given after a survey of said land. The answer also alleged that the consideration of the agreement was a " horse, wagon, cow sold and delivered by said Miles to said Brown at the agreed price of $220; the use of a stallion for two mares, $20 each; cash $5, amounting to $265; " and " that on the 3d day day of June, 1889, he procured a survey of said premises, in pursuance of said agreement, to be made by W. A. Lyttle, a practical surveyor, reduced to writing and delivered to said Brown, which survey was incorporated in the deed hereinafter mentioned." It is further alleged that Brown procured a deed to be drawn of the premises according to the survey, and that the deed was executed by Brown and wife, and duly acknowledged before one Wager, a. notary public, and was duly delivered to the defendant on said 1st. day of July, 1889. It is also alleged that Brown and wife executed a certain instrument in respect to a mortgage of $750 upon the premises conveyed, which instrument is set out in the answer; and the defendant alleges " that during and at the times of the several transactions hereinbefore mentioned, the said Bennett F. Brown was sane and of sound mind, and fully competent to transact business; " and the defendant alleges that immediately " after the exe-

cution and delivery of said deed as aforesaid, he entered into the possession of said premises and made improvements thereon; that there has been no offer to restore to this defendant the consideration so paid by him as aforesaid, or compensate him for the improvements so made by him on said premises as aforesaid."

This action was not commenced until the 5th day of May, 1890. At the close of the plaintiff's evidence the defendant moved for a nonsuit; the motion was denied and the defendant took an exception. In the course of remarks made in denying the motion, the court said: "The plaintiff may recover upon an equitable title, or the defendant may defeat a recovery upon an equitable title." In the course of the charge delivered, the court observed: "So that, if you are satisfied, I again repeat, that Brown was a lunatic at the time this deed was executed and delivered to Miles, * * * if you find that he was incompetent to do business at that time, you will find a verdict for the plaintiff, and in that verdict you will find that the plaintiff is the owner in fee of this 24 acres of land. Your verdict will find that, as that is the title he holds, if he holds any, his deed to Miles being of no account if he was a lunatic." Counsel for the defendant asked the court to hold " that the action of ejectment cannot be maintained upon the proof of this case." The court refused so to hold, and an exception was taken thereto.

*L. J. Dorwin,* for the appellant.

*Elon R. Brown,* for the respondent.

HARDIN, P. J.:

It is insisted by the learned counsel for the appellant that a deed made by a lunatic is "voidable only and not absolutely void." We think the weight of authority is against the proposition. ( *Van Deusen* v. *Sweet,* 51 N. Y., 378; *Valentine* v. *Lunt,* 115 id., 497; *Riggs* v. *American Tract Society,* 95 id., 503.) This court is already committed upon the proposition by its decision in *Goodyear* v. *Adams* ( 5 N. Y Supp., 275; S. C., affirmed, 119 N. Y., 650), and the doctrine finds support in *Aldrich* v. *Bailey* (28 N. Y. St. Rep., 571), and in *Johnson* v. *Stone* (35 Hun, 383); *Carter* v. *Beckwith* (40 N. Y. St. Rep., 347).

( 2.) If it be assumed that the verdict of the jury is sustained by the evidence so far as the verdict pronounces upon the soundness of Brown's mind, July 1, 1889, being the time of the execution of the deed, still the question must be considered whether at the time of the execution of the contract he was competent to make the same, which contract was made in April, 1889. If the contract was valid, the possession by the defendant of the premises may be referred to and upheld under the contract; and in considering the question of whether the defendant wrongfully withheld possession at the time of the commencement of this action, the validity of the contract may be considered. It would seem, from the language of the charge and from the refusal to hold, that the plaintiff could not maintain the action, the court impliedly ruled, as a matter of law, that the contract was invalid. The language used by the judge in the course of his charge seems to bear out that view; he observed to the jury, viz.: " So that, if you are satisfied, I again repeat, that Brown was a lunatic at the time this deed was executed and delivered to Miles, * * * if you find that he was incompetent to do business at that time, you will find a verdict for the plaintiff." Again, in the course of the charge the judge observed: " The ground upon which the plaintiff seeks to recover is that, at the time when the deed was executed, on the 1st of July, 1889, he was a lunatic, and, therefore, incompetent to transact any business which would in any manner affect his rights or interests in this property." It seems that the question of the competency of Brown to enter into the contract of April, 1889, was not distinctly and clearly presented to the jury. However, if it be assumed that the question was passed upon by the jury, we are of the opinion that the evidence was insufficient to uphold a finding that Brown was of unsound mind when he entered into the contract to sell the premises on the 19th of April, 1889. If the verdict rests upon the finding upon that question, it ought to be set aside as contrary to evidence; if that question has not been passed upon by the jury, the verdict ought not to stand.

In *Crary* v *Goodman* (2 Kernan, 266), it was held, viz.: " In an action to recover the possession of land, founded upon the legal title held by the plaintiff, the defendant may allege and prove, as a defense, that he is equitably the owner of the premises and entitled

to a conveyance thereof." This case was approved and followed in *Phillips* v. *Gorham* (17 N. Y., 270). The latter case involved the validity of a deed which is alleged to have been made while the grantor "was of unsound mind, imbecile, and wholly incompetent to bind himself by a civil contract." * * * And at the close of the opinion in that case it was said: "If the defendant was entitled to any restitution, he should have presented his claim at the trial and it would then have been, as we must presume, properly disposed of."

In *Carpenter* v. *Ottley* (2 Lans., 451), the cases of *Crary* v. *Goodman* and *Phillips* v. *Gorham* (*supra*), were referred to with approval, and the court observed: "A recovery of property, or the value thereof by the plaintiff who has the mere legal title, will not be allowed against a defendant who has the equitable title to such property, and who might, in an action against the plaintiff, to compel a specific performance, compel the latter to convey or transfer such legal title to the defendant. The defendant must, of course, set up his defense in such a case by way of answer, and establish it by his evidence." In the case in hand the defendant set up sufficiently the facts in his answer, and he set up a performance on his part, and a delivery of the consideration mentioned in the contract; and surely, if he was not entitled to have the deed remain, he was either entitled to have a decree for a specific performance of the contract, or a return of the consideration paid for the land in the event the contract was invalid, there being no allegation that the contract was fraudulently obtained. The defendant had made some improvements upon the property, and there was some evidence tending to show that he made the purchase in good faith, without knowledge of any infirmity in the mind of Brown at the time the contract was entered into. In referring to the rule that a deed or contract of a lunatic is void, in *Johnson* v. *Stone* (35 Hun, 383), it was said in the opinion: "This rule is subject to the qualification that where a sale is for the benefit of the lunatic or his estate, and is made in good faith without knowledge of his condition, and the party who has made it cannot be put *statu quo*, a court of equity will not invalidate the transaction." If the contract of April, 1889, was valid, the defendant was entitled to ask the judgment of the court, as a court of equity, for such equitable relief as the evidence

disclosed entitled him to, including a deed from the plaintiff. In that aspect of the case, as TALCOTT, J., said in *Cramer* v. *Benton* (4 Lans., 296), " He is *pro hac vice,* in a court of equity, and must rely upon its principles to maintain his claims." It seems the wife of the plaintiff, who is his committee, voluntarily executed the deed for the purpose of releasing her dower to the defendant; and if the defendant shall be found to be entitled to a specific performance of the contract, and shall receive from the plaintiff a deed, probably the defendant would receive the benefit of such release of dower; if, however, the defendant is not able to make out a case for specific performance according to the principles of a court of equity, he may become entitled to an award of damages or a return of the property which he delivered under the contract of April, 1889. (*Cuff* v. *Dorland,* 55 Barb., 496.)

In *New York Ice Company* v. *The Northwestern Insurance Company of Oswego* (23 N. Y., 357), it was said: " That it was erroneous to turn the plaintiff out of court on the mere ground that he had not entitled himself to the equitable relief demanded, if there was enough left of his case to entitle him to recover," etc.

We think the facts stated in defendant's answer, and the evidence presented upon the trial, were sufficient to call upon the court to exercise its equitable jurisdiction in considering what relief, if any, the defendant was entitled to, either by way of defense or affirmative relief. The defendant has averred in his answer that he " entered into the possession of said premises, and made improvements thereon; that there has been no offer to restore to this defendant the consideration so paid by him as aforesaid, or compensate him for the improvements so made by him on said premises as aforesaid."

We think there should be a new trial, and the judgment and order is reversed and a new trial ordered, with costs to abide the event.

MARTIN and MERWIN, JJ., concurred in result.

Judgment and order reversed and a new trial ordered, with costs to abide the event.